

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 24, 2008

**BY HAND DELIVERY**

Honorable Denny Chin
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007-1312

       Re:    United States v. Charles Pritchett, 07 Cr. 472 (DC)

Dear Judge Chin:

       The Government respectfully submits this letter in connection with the sentencing of defendant Charles Pritchett. For the reasons below, the Government submits that the defendant should be sentenced within the Guidelines range of 24 to 30 months' imprisonment, which the defendant in his plea agreement stipulated was reasonable.[1]

---

[1] In the plea agreement dated September 21, 2007, the Government, among other things, concluded that the defendant's criminal history placed him in Criminal History Category I. At the time of his plea, the defendant had been charged with driving while under the influence of alcohol in Bronx County Criminal Court, but he had not yet pleaded guilty or been sentenced. Accordingly, that pending charge was necessarily excluded from inclusion in the plea agreement's Criminal History calculation, pursuant to U.S.S.G. § 4A1.2(a) (limiting the computation of criminal history to "prior sentences" and "convictions"). Following his October 23, 2007 plea in this case, however, the defendant pleaded guilty in the pending state case, and the Probation Office therefore included this new conviction in calculating the defendant's Criminal History Category. (PSR ¶¶ 76-78). The PSR's calculations mirrored those in the plea agreement, but this additional conviction resulted in an additional criminal history point and placed the defendant into Criminal History Category II, yielding a Guidelines range of 27 to 33 months.

As charged in the Indictment, and as the defendant acknowledged in his plea, his criminal conduct was extensive and central to the success of the scheme to defraud Group Health Incorporated ("GHI"). While employed at a medical billing company, the defendant accessed insurance claim forms for actual neurosurgeries that one of the company clients had performed. (Presentence Investigation Report ("PSR") ¶¶24-26). The defendant then altered certain identifying information to fabricate entirely new, bogus claim forms for individuals who had never undergone neurosurgery. Moreover, in addition to creating the bogus forms, the defendant also recruited his co-defendants Dorothy Smith, his former sister-in-law, and Stanley Cannella, a childhood friend, into the scheme. (PSR ¶ 50). Consequently, the defendant during his plea acknowledged his role as a leader and organizer of the scheme. (PSR ¶ 16(A)(4)). In brief, absent this defendant's conduct, the health care fraud that cost GHI more than $300,000 and resulted in three other individuals pleading guilty to felonies would not have taken place.

The defendant's background and personal characteristics also weigh in favor of a Guidelines sentence. The defendant has not filed any tax returns since 2003 (PSR ¶ 118), suggesting a long-standing and broad disregard for the law. Indeed, he has also fallen into serious arrears on child support (PSR ¶¶ 91, 116). In light of his personal indebtedness, any prospect of GHI recovering its losses in the near term is remote. Furthermore, this conviction represents the defendant's fourth criminal conviction, and his third within the past three years. (PSR ¶¶ 69-81). There is also a disturbing pattern of the defendant disregarding the terms and conditions of prior sentences, including driving in violation of repeated suspensions of his driver's license. (PSR ¶¶ 76-80).

Finally, this crime appears to have been motivated entirely by greed. There are no extenuating or exceptional circumstances here. Notwithstanding an alcohol problem (PSR ¶ 105), the defendant denies any substance abuse, and there does not appear to have been any precipitating event. Instead, the defendant took advantage of an opportunity afforded him by virtue of his employment at a medical billing company to rip off GHI. That decision appears part of a continuous pattern of misconduct that, since at least 1988, has resulted only in sentences of probation or conditional discharge. For purposes of specific and general deterrence, a term of imprisonment is warranted here.

       In sum, a sentence within the stipulated Guidelines range in the defendant's plea agreement of 24 to 30 months' imprisonment is entirely appropriate.

                          Respectfully submitted,

                          MICHAEL J. GARCIA
                          United States Attorney

By: _____
       William J. Stellmach
       Assistant United States Attorney
       Telephone: (212) 637-2101

cc:    Edward D. Wilford, Esq. (by facsimile)